**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DERWIN SIMS, SR.; DAVID L. WEBBER,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>JOHN P. HAUSER; ADA HAUSER,<br><br>　　　　　Defendants. | No. CV-07-2517-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Motion for Summary Judgment of Plaintiffs Derwin Sims and David Webber (Dkt. # 44) and the Motion to Dismiss of Defendants John and Ada Hauser (Dkt. # 51). Because both Plaintiffs and Defendants have presented evidence relevant to Defendants' motion, and because both parties "had a reasonable opportunity to present all the material that is pertinent to the motion," Fed. R. Civ. P. 12(d); (*see also* Dkt. ## 52 ¶¶ 36, 38-39; 55 ¶¶ 1-13), the Court will construe Defendants' motion as a cross-motion for summary judgment. *See Jablom v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). For the reasons set forth below, the Court grants Defendants' cross-motion and denies Plaintiffs' motion as moot.

**BACKGROUND**

On May 7, 2003, a monetary judgment was issued by the circuit court of Lee County, Arkansas, against Defendant John Hauser and in favor of non-party Forest City Bank

("FCB"). On July 16, 2003, a second judgment was entered by the same court against Defendants John and Ada Hauser in favor of FCB. In 2004, the Hausers moved to Arizona City, Arizona. They subsequently moved to Eloy, Arizona, where they currently reside. On September 6, 2007, more than four years after the judgments against the Hausers were entered, FCB assigned the unpaid balance of the May 7th Judgment against Defendant John Hauser to Plaintiffs Derwin Sims and David Webber. Similarly, on October 29, 2007, FCB assigned the unpaid balance due on the July 16th Judgment against Defendants to Plaintiffs. On December 12, 2007, Plaintiffs, who are residents of Arkansas, filed a complaint in this Court seeking recognition and enforcement of the Arkansas judgments. (Dkt. # 1.)

## DISCUSSION

### I.  Summary Judgment Standard of Review

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[1] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Jesinger*, 24 F.3d at 1130. In addition, the dispute must be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

### II.  Analysis

Generally, a foreign judgment "is entitled to full faith and credit in [Arizona]." Ariz. Rev. Stat. § 12-1701. However, Arizona law requires that an action "[u]pon a judgment or decree of a court rendered without the state" be "commenced and prosecuted within four

---

[1] The only facts that are relevant to Defendants' motion are the dates on which the judgments were entered in Arkansas and the date on which the Hausers subsequently moved to Arizona. Plaintiffs have conceded these facts. (*See* Dkt. # 55 ¶¶ 1-13.)

years after the cause of action accrues, and not afterward." *Id.* § 12-544(3); *see also Citibank, N.A. v. Phifer*, 181 Ariz. 5, 6-7, 887 P.2d 5, 6-7 (Ct. App. 1994) (holding that "A.R.S. § 12-544(3) dictates the time within which a foreign judgment can be enforced in Arizona"). In Arizona, "the statute of limitations begins to run when the cause of action accrues, which is the date on which the foreign judgment is entitled to full faith and credit in Arizona." *Grynberg v. Shaffer*, 216 Ariz. 256, 257, 165 P.3d 234, 235 (Ct. App. 2007). That date is when the judgment is issued by the trial court and enforceable in the issuing jurisdiction. *Id.* at 260, 165 P.3d at 238. Therefore, a foreign judgment is not actionable in Arizona if a judgment creditor attempts to have the foreign judgment recognized and enforced after the four-year limitations period has run. *See Citibank,* 181 Ariz. at 7, 887 P.2d at 7.

Here, the relevant foreign judgments were entered and became enforceable in Arkansas on May 7, 2003, and July 16, 2003, respectively. FCB, as the original judgment creditor, had four years, or until May 7, 2007, and July 16, 2007, respectively, absent tolling or modification, to seek recognition of the Arkansas judgments in Arizona. FCB's assignment of the judgments to Plaintiffs on September 6, 2007, and October 29, 2007, does not alter or extend the statute of limitations period. *See K.B. v. State Farm Fire and Cas. Co.*, 189 Ariz. 263, 267, 941 P.2d 1288, 1292 (Ct. App. 1997) ("An assignee steps into the shoes of her assignor. She can stand in no better position than the assignor and an assignment cannot alter the defenses or equities of the third party.") (quotations omitted). This action, however, seeking recognition and enforcement of the judgments in Arizona, was not initiated until December 12, 2007.

The parties dispute the applicability of what appear at first blush to be mutually inconsistent Arizona statutes regarding the running of the limitations period. Plaintiffs argue that Arizona Revised Statutes section 12-501 provides for tolling of the limitations period until Defendants moved to Arizona in 2004. Section 12-501 states:

> When a person against whom there is a cause of action is without the state at the time the cause of action accrues or at any time during which the action might have been maintained, such

- 3 -

> action may be brought against the person after his return to the state. The time of such person's absence shall not be counted or taken as a part of the time limited by the provisions of this chapter.

On the other hand, Arizona Revised Statutes section 12-507 provides that "No demand against a person who removes to this state, incurred prior to his removal, shall be barred by the statute of limitation until he has resided in this state one year . . . ."[2] Thus, under section 12-501, it appears that a defendant's absence from Arizona will toll the limitations period while under 12-507 a defendant moving into Arizona, who has incurred a demand prior to moving, may claim the benefit of Arizona's statute of limitations, without any tolling, once he or she has lived in Arizona for one year.

As appears obvious, both of these statutes cannot operate simultaneously in the situation presented by the facts of this case. While Arizona Revised Statutes section 12-501, if read literally, would toll the statute of limitations in this case until Defendants moved into the state, such a reading would deprive section 12-507 of any meaning. Neither party disputes that Defendants moved to Arizona in 2004 (well more than a year prior to this suit being filed), have not lived elsewhere since moving here, and that the judgments on which Plaintiffs are attempting to collect were incurred before Defendants moved here and more than four years before Plaintiffs filed this action. Pursuant to the plain terms of section 12-507 then, Plaintiffs are entitled to invoke the four-year limitations period set forth in section 12-544(3) without any tolling.

The Arizona Court of Appeals resolved these apparently conflicting statutes in *Bailey v. Holmes*, 143 Ariz. 494, 694 P.2d 324 (Ct. App. 1985). In *Bailey*, Appellant Frederick Bailey and his then-wife Alma Bailey executed a promissory note in favor of Hazel Holmes on June 20, 1975, in the State of Washington. *Id.* at 495-96, 694 P.2d at 325-26. After

---

[2] By its terms, the one-year residency requirement of Arizona Revised Statutes section 12-507 does not apply if the demand, incurred prior to moving to Arizona, is "barred at the time of his removal to [Arizona] by the laws of the state or country from which he migrated." This exception to the one-year requirement is not implicated in this action.

- 4 -

1  defaulting on the note, Holmes sued for payment of the note in Washington and obtained a
2  judgment against Alma Bailey. *Id.* at 496, 694 P.2d at 326. It appeared, however, that
3  Frederick Bailey had left the state and Holmes was unsuccessful in her attempts to serve him.
4  *Id.* Although the precise date was unknown, Bailey had moved to Arizona at some point
5  after the accrual of the claim in Washington. *Id.* On July 25, 1984, over nine years after the
6  promissory note was executed, Holmes sued Frederick Bailey for payment on the note in
7  Arizona. *Id.* at 96, 694 P.2d at 326. In response to the suit, Bailey raised the four-year
8  limitations defense provided by Arizona Revised Statutes section 12-544(3), the same
9  limitations statute that Defendants assert here. *Id.* Holmes countered, as do Plaintiffs here,
10 that section 12-501 tolls the four-year limitations period until Bailey moved to Arizona. *Id.*
11 The court of appeals rejected the argument that section 12-501 applied. In doing so, the
12 Arizona court looked to the law of Texas, the state from which Arizona drew its statutes
13 pertaining to limitations, to determine how these two statutes interact with each other. *Id.*
14 at 497-98, 694 P.2d at 327-28.

15 The court concluded that Texas courts did not interpret that state's equivalent of
16 section 12-501 to toll the running of a limitations period against an out-of-state defendant
17 with pre-existing obligations until that defendant moved into the state. *Id.* Rather Texas's
18 equivalent of section 12-507 governed such situations. *Id.* Thus, regardless of how long
19 after the out-of-state claim had been accrued, an immigrant moving into the state with pre-
20 existing obligations could not invoke the state's limitations bar until the defendant had lived
21 in the state for one year. By contrast, the *Bailey* court noted, Texas's equivalent of section
22 12-501only applied to those who incurred liability within the state who desired to avoid
23 liability by leaving the state for a period after the claim had accrued. *Id.*; *see also Wise v.*
24 *Anderson*, 163 Tex. 608, 611, 359 S.W.2d 876, 879 (1962) ("While it has been held that [the
25 tolling statute] has no application, as a general rule, to nonresidents, it does apply to
26 nonresidents who were present in the state at the time the cause of action accrued or had its
27 inception and who later leave the state.") (citations omitted). Based on this understanding,
28

the *Bailey* court adopted the same approach for the state of Arizona. The court noted that the intent of section 12-507:

> is to permit the statute of limitations of the state in which the cause of action accrued and of which the defendant was a resident to bar an action in this state, if it had expired at the time of the defendant's removal, but to grant the plaintiff an additional year in which to institute the action in this state if the statute had not run at the time of the defendant's removal.

*Id.* at 498, 694 P.2d at 328. The court found that the rigid application of section 12-501, as advocated by Holmes, would render section 12-507 meaningless. *Id.* Consequently, the court found that section 12-501 did not toll the four-year limitations period against Bailey. *Id.*

Other Arizona cases support the approach set forth in *Bailey*. In analyzing the scope of section 12-501, the Arizona Supreme Court has cautioned against a "literal interpretation of the provisions of [section 12-501]" that would "defeat its purpose [or] defeat the purpose of the statute of limitation[s]." *Selby v. Karman*, 110 Ariz. 522, 524, 521 P.2d 609, 611 (1974). The supreme court found that "the purpose for such statutes is to prevent a defendant from defeating [a] plaintiff's claim by merely absenting himself from the state." *Id.* (citations omitted); *see also Goodwin v. Hewlett*, 147 Ariz. 356, 358, 710 P.2d 466, 468 (Ct. App. 1985) ("The purpose of tolling statutes is to prevent a defendant from defeating a claim by absenting himself from the state.").

Here, Defendants did not attempt to defeat either judgment by absenting themselves from the state of Arizona. Rather, as in *Bailey*, Defendants "incurred" a "demand" in another state and subsequently moved to Arizona.[3] Section 12-507 is therefore the applicable statute. Plaintiffs argue that such an interpretation "of the statute of limitations for

---

[3] During oral argument, Plaintiffs argued that a foreign judgment is not a "demand" under the language of section 12-507. The Court is not persuaded. *Cf. Monroe v. Wood*, 150 Ariz. 411, 724 P.2d 30 (Ct. App. 1986) (applying section 12-507 to an automobile injury claim incurred in another state); *Bailey*, 143 Ariz. 494, 694 P.2d 324 (applying section 12-507 to an instrument executed in another state). The plain meaning of the language supports the conclusion that a foreign judgment is a "demand" for purposes of section 12-507.

- 6 -

domestication of sister state judgments would burden the courts with creditors routinely pursuing domestication in all fifty states regardless of residency." (Dkt. # 54 at 14.) Arizona law, however, offers protection to creditors by preventing a debtor from obtaining protection under Arizona's limitations period until the debtor has resided in Arizona for one year. Thus, while creditors may not sleep on their rights, they need not rush to record their judgments in every state in the union to ensure their right to enforce a judgment in Arizona. There appears to be no question here, however, that section 12-507 affords Plaintiffs no relief because Defendants have resided in Arizona since 2004, thus for well over one year, and Plaintiffs did not seek to execute on their judgment until more than three years later, after the four-year limitations period of section 12-544(3) had run. Plaintiffs are thus barred from enforcing the Arkansas judgments in Arizona.[4]

In the alternative, Plaintiffs argue that Defendants waived their right to raise the statute of limitations defense. (Dkt. # 57 at 14-16.) Plaintiffs' argument centers on

---

[4]During oral argument, Plaintiffs argued that and Illinois case, *Haughton v. Haughton*, 394 N.E.2d 385 (Ill. 1979), demonstrates that Arizona Revised Statutes section 12-507 would be unconstitutional as applied to the facts of this case. In *Haughton*, the pertinent Illinois tolling statute provided tolling of a five-year statute of limitations period unless "at the time the cause of action accrued, neither the party against nor in favor of whom the same accrued were or are residents of this state." *Id.* at 387. The court held that the "provision creates an impermissible distinction based upon whether or not one of the parties to the action was an Illinois resident at the time the cause of action accrued." *Id.* at 388. The court was troubled by the implication that "[i]f plaintiff had been an Illinois resident at the time this cause of action accrued, the tolling statute would have been applicable, and the statute of limitations on the foreign judgments would not have begun to run until . . . Defendant established residency in Illinois." *Id.* The court could find no legitimate rationale for providing tolling to resident creditors under the statute, but not to nonresident creditors. *Id.* Unlike the statute in *Haughton*, however, section 12-507 does not treat resident and nonresident creditors differently. Rather, section 12-507 merely allows a judgment debtor who moves into and resides in Arizona for one year the ability to invoke the same limitations period on a judgment as any other Arizona resident. The potential constitutional problems outlined in *Haughton,* thus, do not apply here.

1 Defendants' failure to mention the defense at the May 16, 2008, Scheduling Conference[5] and
2 failure to highlight the statute of limitations defense in the Proposed Revised Case
3 Management Plan filed on June 12, 2008. These failures, however, cannot be construed as
4 Defendants' affirmative relinquishment of the right to assert the limitations defense pled in
5 their Answer. Even though the Court previously stated that Defendants are only pursuing
6 a fraud defense, this was not intended as a declaration that all other defenses had been
7 waived – notably, the Court only struck the affirmative defense of fraud from Defendants'
8 Answer. (Dkt. # 30 at 2, 6.) Plaintiffs provide no authority to support the notion that
9 Defendants waived their right to assert the statute of limitations defense. The only authority
10 cited by Plaintiffs addresses the binding effects of statements made by parties during a
11 pretrial conference. (Dkt. # 54 at 15-16.) That is not the situation here, and thus Plaintiffs'
12 argument fails.

13 Defendants request an award of attorneys' fees and costs incurred in this action
14 pursuant to Arizona Revised Statutes sections 12-341.01 and 12-349. Section 12-341.01
15 applies only to cases arising under contract. This is an action to recognize and enforce a
16 judgment. The Arizona Supreme Court has held that section 12-341.01 "does not apply if
17 the contract is only a factual predicate to the action but not the essential basis of it." *Kennedy*
18 *v. Linda Brock Auto. Plaza, Inc.*, 175 Ariz. 323, 325, 856 P.2d 1201, 1203 (1993) (citation
19 omitted); *see also In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 836 (9th Cir. 2001) (stating
20 that "where a contract is merely somewhere within the factual background, an award of fees

---

[5]At the May 16, 2008, Scheduling Conference, the Court asked counsel for Defendants "what else [he] believe[d]" that he would "present to the Court to set aside the judgments" based on their claim that the judgments were void. (Dkt. # 20 at 10.) In response, Defendants' counsel stated offsets and fraud. (*Id.*) Plaintiffs' argument that this demonstrates waiver is not persuasive because, even if the statute of limitations defense was a valid answer to the Court's question, a scheduling conference, unlike a pretrial conference, occurs early in a case "before substantive issues have been defined and is directed at organizing the processing of the action by setting deadlines for the completion of various phases." 6A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1522.1, at 230 (2d ed. 1990). Statements made by parties during a scheduling conference are not binding in the same sense as statements made at pretrial conferences.

under § 12-341.01(A) is not proper"). While a contract may be a factual predicate giving rise to the Arkansas judgments, such a contract has not been shown to be the essential basis of this action. Therefore, attorneys' fees and costs are not recoverable under section 12-341.01.

Section 12-349 "requires an award of fees as a sanction when a party brings or defends a claim without substantial justification, brings or defends a claim solely or primarily for delay or harassment, unreasonably expands or delays the proceedings, or engages in abuse of discovery." *In re Estate of Stephenson*, 217 Ariz. 284, 289, 173 P.3d 448, 453 (Ct. App. 2007); *see also* Ariz. Rev. Stat. § 12-349(A). Defendants do not indicate which subsection of section 12-349 justifies an award of fees, but argue that "Plaintiffs and their counsel knew that this action was not sustainable in Arizona Courts, so they attempted to circumvent Arizona law by coming to the United States District Court." (Dkt. # 51 at 15.) Based on this statement, it appears that Defendants seek fees on the basis that this enforcement action was "without substantial justification." "To receive a fee award pursuant to this provision, [Defendants] were required to show, by a preponderance of the evidence, that [Plaintiffs'] claim constituted harassment, was groundless, and was not made in good faith." *Stephenson*, 217 Ariz. at 289, 173 P.3d at 453 (citations omitted). Defendants have made no such showing. Therefore, attorneys' fees and costs are not awarded under section 12-349.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that:

1. Defendants' Cross-Motion for Summary Judgment (Dkt. # 51) is **GRANTED**.

2. Plaintiffs' Motion for Summary Judgment (Dkt. #44) is **DENIED AS MOOT**.

3. The Clerk of the Court is directed to **TERMINATE** this matter.

DATED this 2nd day of February, 2009.

G. Murray Snow
United States District Judge

- 9 -